UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
RAJIV P. RAMJAS,

               Plaintiff,

       -against-

PUBLIC PARTNERSHIP LLC, *et al.*,

               Defendants.
-------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
26-CV-2899 (OEM) (LKE)

ORELIA E. MERCHANT, United States District Judge:

On December 3, 2025, *pro se* plaintiff Rajiv P. Ramjas ("Plaintiff") filed this action in the U.S. District Court for the Southern District of New York against defendants Public Partnership LLC; VillageCareMax, Inc.; New York Health Care; Agape Luxury Transportation; Wendy Orozco; Mellissa Corzelia; and Mario Sena (collectively, "Defendants"). *See generally* Complaint at 1, 3-5, Dkt. 1 ("Complaint" or "Compl.").[1] That same day, Plaintiff filed a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. *See generally* Application to Proceed Without Prepaying Fees or Costs, Dkt. 2 ("IFP Motion"). On May 5, 2026, Chief U.S. District Judge Laura Taylor Swain issued an order transferring the case to this Court. *See* Transfer Order, Dkt. 5. On May 14, 2026, the transfer was effectuated.

Plaintiff's IFP Motion is granted and, for the reasons stated below, the Complaint is dismissed without prejudice. Plaintiff may file an amended complaint within 30 days from the date of this order.

---

[1] When citing the Complaint, the Court refers to the page numbers contained in the automatically generated ECF header.

## BACKGROUND

On December 3, 2025, Plaintiff filed a form complaint that consists of hand-written entries and some attachments. *See generally* Complaint. The factual allegations are difficult to parse and hard to follow. Among other things, Plaintiff alleges that on November 19-21 and 26, 2025, at "118-35 Queens Blvd 4th Floor":

- His employer, which appears to be Public Partnerships Home Care LLC, whom Plaintiff refers to as "Public Partnership LLC," reduced Plaintiff's hours of employment, possibly because of "a false arrest." *Id.* at 5, 11.

- Plaintiff references Defendant Agape Luxury Transportation "not taking [the] proper person," his mother making or receiving a home visit, and "violating" the Health Insurance Portability and Accountability Act. *Id.* at 7.

- Plaintiff describes schedule changes on November 19, 2025, that caused him to strain his knee and shoulder while rushing to get ready and on November 20, 2025, that caused him to miss a physical therapy appointment. *Id.* at 9.

- Plaintiff mentions police inquiries about a six-year-old crime, *id.*; includes a possible reference to the New York City Police Department's Civilian Complaint Review Board dropping cases, *id.* at 8; and attaches a New York City Police Department Incident Information Slip reporting petit larceny on November 12, 2025, *id.* at 11.

When identifying the basis for this Court's jurisdiction, Plaintiff checks the box for "Federal Question" and asserts violations of the following laws:

A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

Equal Opportunity For Employees, HIPPA Privacy Act 1996. (Fair Credit Reporting Act) (FCRA) Equal Pay for All. discrimination Against race, Color, Creed; Refusal to Transport Disabled.

*Id.* at 2. Elsewhere, Plaintiff also mentions the "Bank Secrecy Act" and "Executive Law 63." *Id.* at 6. In his request for relief, Plaintiff states that Barbara Wilkanowski, who is not named as a defendant, defended Plaintiff in an unspecified proceeding and requests that she pay $930,000 "for

2

mischievously having m[y] bank accounts reviewed correctly.  No eavesdropping through NYPD."
*Id.* at 6-7.  He does not request any damages or other relief from any of the named Defendants.

## LEGAL STANDARD

When reviewing an action filed *in forma pauperis*, the Court must dismiss a complaint *sua sponte* if it determines that the suit "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A complaint fails to state a claim on which relief may be granted where it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.

Further, Federal Rule of Civil Procedure 8 ("Rule 8") requires a plaintiff to provide a "short and plain statement of the claim" against each named defendant so that they have adequate notice of the claims against them.  FED. R. CIV. P. 8(a)(2); *see Iqbal*, 556 U.S. at 678 ("Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").  A complaint that only "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice.  *Id*. (quoting *Twombly*, 550 U.S. at 557 (alteration in original)).  At a minimum, a complaint must "disclose sufficient information to permit the defendant 'to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery.'"  *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (quoting *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119,

123 (2d Cir. 1991)).  A court is empowered to dismiss a complaint on its own initiative where the complaint does not comply with Rule 8.  *Id.* at 542.

With that said, a *pro se* complaint must "be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  "Even after *Twombly*," the Court "remain[s] obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).  Nevertheless, the "basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike." *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) (per curiam) (quoting *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004)).

### DISCUSSION

Even construed liberally, the Complaint fails to meet basic pleading requirements. Specifically, it fails to provide a "short and plain" statement of Plaintiff's claims against each named Defendant such that each Defendant has a "fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Id.* (first quoting FED. R. CIV. P. 8(a)(2); then quoting *Kittay*, 230 F.3d at 541).  Plaintiff vaguely asserts claims against his employer for cutting his hours, but he has not included facts suggesting discrimination in employment or any other violation of federally protected rights. *See* Compl. at 5-11.  He names other Defendants and mentions federal law related to credit reporting and protected medical records, but he includes no facts linking these Defendants to any federal laws. *See id.*  He suggests a past criminal charge and proceedings, but he has not alleged facts showing a violation of his civil rights. *See id.*  The only relief he requests is against a private attorney, but he does not name this attorney as a defendant or allege that she caused him any cognizable injury. *See id.* at 1, 3-11. The Court therefore does not find that Plaintiff's allegations state a plausible claim for relief. *See*

4

*Hall v. N.Y.C. Hous. Dep't*, 22-cv-06692 (HG) (SJB), 2022 WL 17253530, at \*2 (E.D.N.Y. Nov. 28, 2022) (dismissing a *pro se* complaint where the court was "unable to determine exactly what claims [p]laintiff [was] attempting to allege").

**CONCLUSION**

Accordingly, Plaintiff's action is dismissed.  28 U.S.C. § 1915(e)(2)(B)(ii); FED. R. CIV. P. 8(a)(2).  In light of Plaintiff's *pro se* status, Plaintiff is granted 30 days to file an amended complaint.  *See Cruz v. Gomez*, 202 F.3d 593, 596-98 (2d Cir. 2000).

If Plaintiff chooses to file an amended complaint, Plaintiff must identify each legal claim and set forth a short, plain statement of the relevant facts supporting each claim.  Plaintiff should describe what each named Defendant or Defendants did or did not do and how each Defendant caused Plaintiff injury.  Plaintiff must also provide the dates and locations for each relevant event.  Finally, Plaintiff must set forth the remedy he seeks.  Plaintiff is advised that an amended complaint completely replaces the Complaint; therefore, all claims Plaintiff wishes to pursue must be in the amended complaint.  The amended complaint must be captioned "Amended Complaint" and include docket number 26-CV-2899 (OEM) (LKE).  For free, confidential, limited-scope legal assistance, Plaintiff may wish to contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project in Brooklyn by calling (212) 382-4729 or online at https://www. citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project.  The Federal Pro Se Legal Assistance Project is not a part of, or affiliated with, the Court.

Any amended complaint that Plaintiff elects to file will be reviewed for sufficiency.  No summons shall issue at this time, and all further proceedings shall be stayed.  If Plaintiff fails to file an amended complaint within 30 days of the date of the entry of this order, judgment shall be entered.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, denies *in forma pauperis* status for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to send a copy of this order to Plaintiff and to note the mailing on the docket.

SO ORDERED.

                     /s/
                   ORELIA E. MERCHANT
                   United States District Judge

June 29, 2026
Brooklyn, New York